FROM :                                              FAX NO. :12126370033                Jan. 13 2012 06:52PM P 4

Received:                                   Jan 13 2012 06:51pm

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

       Plaintiff,

           - v. -

THE BANK OF NEW YORK MELLON
CORPORATION,

       Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
FILED #: 1/17/12

ECF Case

11 Civ. 6969 (LAK)

## STIPULATION AND ORDER OF PARTIAL SETTLEMENT AND DISMISSAL

WHEREAS, on October 4, 2011, the United States of America (the "Government") filed the complaint in the above captioned action (the "Complaint") against The Bank of New York Mellon Corporation;

WHEREAS, the Complaint seeks civil penalties under the Financial Institutions Reform, Recovery and Enforcement Act, 12 U.S.C. § 1833a ("FIRREA") (the "Penalties Claim"), with respect to The Bank of New York Mellon Corporation's current foreign exchange standing instruction program (the "Standing Instruction Service"), as well as injunctive relief under the Fraud Injunction Statute, 18 U.S.C. § 1345, with respect to certain of The Bank of New York Mellon Corporation's disclosures concerning the Standing Instruction Service to existing and prospective clients (the "Injunctive Claim");

WHEREAS, the United States alleges in the Complaint that The Bank of New York Mellon Corporation represented, among other things, that the Standing Instruction Service was "free of charge," that Standing Instruction Service transactions were executed according to

FROM :                                              Received: Jan 13 2012 06:51pm
                          FAX NO. :12126370033              Jan. 13 2012 06:52PM P 5

"best execution standards," and that the Standing Instruction Service offered "netting" of transactions to clients;

WHEREAS, the Complaint alleges that The Bank of New York Mellon Corporation represented that the prices Standing Instruction Service clients would receive for currency purchases and sales would fall within daily ranges for various currencies that The Bank of New York Mellon Corporation published each morning;

WHEREAS, the Complaint alleges that The Bank of New York Mellon Corporation assigned prices to currency transactions executed through the Standing Instruction Service that were at or near the high end of the range of prices reported in the interbank market for currency purchases and at or near the low end of the range of prices reported in the interbank market for sales;

WHEREAS, The Bank of New York Mellon Corporation is a holding corporation with authority to bind its subsidiaries and affiliates (together, "BNY Mellon"), and by this Stipulation and Order does so bind, and the Government and The Bank of New York Mellon Corporation (the "Parties") agree that the provisions herein shall apply with respect to all such subsidiaries and affiliates;

WHEREAS, BNY Mellon has agreed to modify certain disclosures related to the foregoing representations in order to resolve the Government's Injunctive Claim as set forth herein without the need for litigation, and has represented that it will introduce this year a new standing instruction pricing option with pre-defined, disclosed pricing spreads; and

WHEREAS, the Parties have agreed to this Stipulation and Order of Partial Settlement and Dismissal (the "Stipulation and Order");

FROM :                                    Received:        Jan 13 2012 06:51pm
                                    FAX NO. :12126370033        Jan. 13 2012 06:52PM P 6

NOW, THEREFORE, in resolution of the Injunctive Claim, and with agreement
of the Parties, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1.      As soon as practicable, but not later than thirty (30) days from the entry of
this Stipulation and Order, BNY Mellon shall make the following modifications to its disclosures
to current and prospective clients concerning the Standing Instruction Service:

a.      BNY Mellon shall not represent that its Standing Instruction
Service is offered or provided according to "best execution" standards, and shall not use the
phrase "best execution" in describing the Standing Instruction Service in any publication,
including but not limited to its website, marketing materials, responses to requests for proposals,
and any future correspondence with prospective or current clients.

b.      BNY Mellon shall not represent that its Standing Instruction
Service is "free," or otherwise suggest that BNY Mellon does not expect to earn revenue from
transactions executed pursuant to the Standing Instruction Service, and shall not use the
descriptive phrase "free" in describing the Standing Instruction Service in any publications,
including but not limited to its website, marketing materials, responses to requests for proposals,
and any future correspondence with prospective or current clients. BNY Mellon may state that it
does not charge a separate fee or commission in connection with transactions executed pursuant
to the Standing Instruction Service, but only if BNY Mellon also states proximately that BNY
Mellon expects to earn revenue based, among other things, on the difference between the rates
that it pays and receives for purchases and sales of currencies when engaging in trading for its
own account and the rates that are assigned to transactions executed through the Standing
Instruction Service.

FROM :                                          Received:   Jan 13 2012 06:51pm
                                          FAX NO. :12126370033          Jan. 13 2012 06:52PM P 7

     c.     BNY Mellon shall not represent that it offers "netting" in connection with its Standing Instruction Service, and shall not use the phrase "netting" in describing the Standing Instruction Service in any publications, including but not limited to its website, marketing materials, responses to requests for proposals, and any future correspondence with prospective or current clients, except insofar as BNY Mellon is referring to the practice of assigning the same price to all standing instruction foreign exchange transactions with the same settlement date: (i) in the same currency pair; (ii) originating from the same individually-managed account; and (iii) that are priced at the same trading desk and during the same pricing cycle.

     d.     BNY Mellon shall publish every ninety (90) days, on a secure website accessible to its custodial clients, a table displaying for the following currencies against USD (AUD, CAD, CHF, CZK, DKK, EUR, GBP, HKD, HUF, ILS, JPY, MXN, NOK, NZD, PLN, RON, SEK, SGD, TRY, ZAR): (i) the 90-day average of rates for purchases of each currency pair from clients, and sales of each currency pair to clients, in the Standing Instruction Service for the preceding ninety (90) days; and (ii) the 90-day averages of the bid and the offer rates in the interbank market as reported by an objective market source as of approximately 3:15 p.m. EST for the preceding ninety (90) days.

     e.     BNY Mellon shall disclose on its website how it determines prices for Standing Instruction Service transactions, which disclosure shall include but not be limited to the following: (i) BNY Mellon assigns prices to Standing Instruction Service transactions; (ii) unless BNY Mellon and its Standing Instruction Service client agree to a different pricing arrangement, BNY Mellon assigns prices to Standing Instruction Service transactions that are at or near the high end of the range of prices reported in the interbank market for currency

FROM :                                          FAX NO. :12126370033             Jan. 13 2012 06:53PM P 8
Received:                                Jan 13 2012 06:52pm

purchases for the relevant pricing cycle, and at or near the low end of range of prices reported in

the interbank market for currency sales for the relevant pricing cycle; and (iii) the pricing of

Standing Instruction Service transactions is generally less favorable to clients than directly

negotiated trades.  To the extent that Standing Instruction Service transactions in any currency,

including restricted currencies, are handled differently than in the manner set forth in this

paragraph, BNY Mellon shall disclose these differences in the locations where the disclosures

required pursuant to this paragraph are made.[1]  BNY Mellon acknowledges that the foregoing

statements are true and accurate.

        f.      BNY Mellon shall not represent or suggest that all Standing

Instruction Service clients receive the same pricing in describing the Standing Instruction Service

in any publications, including but not limited to its website, marketing materials, responses to

requests for proposals, and any future correspondence with prospective or current clients.

        2.      BNY Mellon shall, for a period of one (1) year, post a link to an electronic

copy of the Stipulation and Order on its website where the Standing Instruction Service and/or

this case are described.

        3.      The Government's Injunctive Claim is dismissed with prejudice and

without costs or attorneys' fees to the extent that it seeks injunctive relief with respect to

disclosures concerning the Standing Instruction Service made by BNY Mellon.

        4.      This Stipulation and Order constitutes only a partial settlement of this

action.  The Parties intend to continue litigating the remaining claim in this action.  Accordingly,

nothing in this Stipulation and Order shall be construed to release any claims of the United

States, its agencies or instrumentalities, and nothing in this Stipulation and Order shall be

---

[1] Restricted currencies include, for example, the Taiwanese dollar, the Chinese renminbi, and the Malaysian ringgit.

FROM :                                                                          Jan 13 2012 06:52pm
Received:
                                     FAX NO.  :12126370033              Jan. 13 2012 06:53PM  P 9

construed as an admission by BNY Mellon of facts alleged in the Complaint or liability, which liability BNY Mellon denies.  In litigating the Penalties Claim, the Parties agree not to use or seek to use this Stipulation and Order, or any of the provisions or requirements herein, as evidence or otherwise in support of any legal argument; provided, however, that the Government reserves its right to obtain and seek to use any evidence relating to any changes or contemplated changes to the Standing Instruction Service that predate the filing of the Complaint, and BNY Mellon reserves its right to object to the use or admission of such evidence.

5.      Nothing in this Stipulation and Order shall prevent BNY Mellon from modifying the Standing Instruction Service and/or introducing new foreign exchange standing instruction services.  With respect to any such modifications and/or new services, BNY Mellon shall adhere to the requirements set forth herein, to the extent that these requirements are true and accurate with respect to any such modifications and/or new services.  Nothing in this Stipulation and Order shall prevent the Government from asserting any claims or seeking any remedies it may have with respect to any such modifications and/or new services.

6.      Nothing in this Stipulation and Order shall require BNY Mellon to amend, alter, or modify any contractual obligations to which it is a party as of the date of execution of this agreement.

7.      This Stipulation and Order shall constitute the sole and complete agreement of the Parties with respect to the matters addressed herein.  This Stipulation and Order may not be amended except by a writing signed by all Parties.

8.      This Stipulation and Order may be executed in counterparts, each of which shall constitute an original, and all of which shall constitute one and the same agreement.

FROM :                                   FAX NO. :12126370033           Jan. 13 2012 06:53PM P 10

9.     The Court shall retain jurisdiction over the subject matter of this Stipulation and Order and the Parties for the purpose of enabling any of the Parties to apply to the Court at any time for such further order, direction, and relief as may be necessary or appropriate for the construction or interpretation of this Stipulation and Order or to effectuate or enforce compliance with its terms.  This Stipulation and Order can be modified and/or terminated only by written consent of the parties and approval of the Court.

10.     If the Court declines to approve this Stipulation and Order, then it shall be null, void, and of no force and effect.

FROM :                                      FAX NO. :12126370033                    Jan. 13 2012 06:53PM P 11

Dated: January 13, 2012
     New York, New York

                    PREET BHAHARA
                    United States Attorney
                    Southern District of New York

By: _____
                    PIERRE G. ARMAND
                    LAWRENCE H. FOGELMAN
                    JAMES NICHOLAS BOEVING
                    Assistant United States Attorneys
                    86 Chambers Street, 3rd Floor
                    New York, New York 10007
                    Tel:    (212) 637-2724/2719/2748
                    Fax:    (212) 637-2730/2686
                    Email: Pierre.Armand@usdoj.gov
                                  Lawrence.Fogelman@usdoj.gov
                                  James.N.Boeving@usdoj.gov

                    *Attorneys for Plaintiff the United States*
                     *of America*

Dated: January 13, 2012
     New York, New York

                    KELLOGG, HUBER, HANSEN, TODD,
                     EVANS & FIGEL, P.L.L.C.

By: _____
                    REID M. FIGEL
                    1615 M Street, N.W., Suite 400
                    Washington, DC 20036
                    Tel:    (202) 326-7900
                    Fax:    (202) 326-7999
                    Email: rfigel@khhte.com

                    *Attorney for the Bank of New York*
                    *Mellon Corporation*

SO ORDERED:

_____
HON. LEWIS A. KAPLAN
UNITED STATES DISTRICT JUDGE

1/17/12