KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
————
(202) 326-7900
FACSIMILE:
(202) 326-7999

July 10, 2014

*Via ECF and Overnight Mail*

Hon. Lewis A. Kaplan
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

> Re:    *United States of America v. The Bank of New York Mellon Corporation*, Case No.
> 11-CIV-6969-LAK

Dear Judge Kaplan:

We write on behalf of The Bank of New York Mellon ("BNYM") in response to the letter of the United States Attorney's Office ("USAO") dated July 8, 2014 ("USAO July 8 Letter"), seeking relief from the plain language of the protective order entered in this litigation.  *See* Protective Order (Dec. 10, 2013) (Dkt. No. 89) ("Protective Order").  The Court should decline the USAO's request to revisit issues this Court has previously resolved.  Specifically, the Court should reject the USAO's request to disregard the terms of the Protective Order and to permit disclosure of Confidential or Highly Confidential Information (collectively, "Confidential Information") to third parties in a manner not contemplated by the Protective Order.  As BNYM has advised the USAO during the meet-and-confer process, it stands ready to consider any reasonable request for relief from the Protective Order, but it will not consent to unilateral decisions by the USAO to disclose Confidential Information to persons not specifically identified in the Protective Order.[1]

*First*, the USAO's current demand constitutes an improper motion for reconsideration of the Protective Order entered last year and, by implication, of the Protective Order entered more

---

[1] The USAO asserts that BNYM has "vastly over-designated" documents as Highly Confidential or Confidential. *See* USAO July 8 Letter at 1 n.1.  BNYM has produced approximately 1.83 million documents in this proceeding, the great majority of which contain highly confidential third-party information.  The Court should not credit the USAO's assertions.  Although Paragraph 27 of the Protective Order provides a mechanism for the parties to resolve disputes regarding confidential designations, the USAO has not asked BNYM to modify the designations of any document in BNYM's production, including the document it references in its letter (which it does not identify by Bates number).

KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

Honorable Lewis A. Kaplan
July 10, 2014
Page 2 of 4

than two years ago in the related MDL action (*see* Protective Order, *In re Bank of New York Mellon Corp. Forex Litig.*, No. MD-12-2335-LAK (Dkt. No. 104) (June 20, 2012 S.D.N.Y.)). The orders were already extensively briefed by the parties to both proceedings, and the USAO's arguments are essentially identical to those the Court previously rejected.  For example, the USAO previously argued that the Court should allow the USAO to disclose Confidential Information to any person it unilaterally designated as a "witness," regardless of whether that person had any legitimate reason to see it, on the ground that barring such disclosure "would inhibit the Government's ability to interview witnesses informally."  *See* Letter from USAO to Court at 4 (Oct. 25, 2013) (attaching proposed Protective Order).  The USAO now advances essentially the same argument, claiming that the Protective Order should be read to allow disclosure of Confidential Information sent or received by an employee of a third-party entity to *any other* employee of that entity, regardless of whether that person has seen the document or even has prior knowledge of its subject matter.  The USAO's request is essentially an invitation to the tailoring of testimony and other improper practices.   The Court properly rejected the USAO's position previously, *see* Order, No. Civ-11-6969-LAK (Dkt. No. 88) (Dec. 10, 2013), and it should do so again.  The USAO has made no showing of "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice" that would warrant a modification to the Protective Order.  *Int'l Equity Invs., Inc. v. Opportunity Equity Partners Ltd.,* 441 F. Supp. 2d 552, 559-60 (S.D.N.Y. 2006) (Kaplan, J.) (quotation marks omitted), *aff'd,* 246 F. App'x 73 (2d Cir. 2007).

*Second*, the USAO's request seeks a modification of the plain language and structure of the Protective Order, which limits disclosure of Confidential Information to percipient witnesses solely under specific circumstances:  (1) "any person who wrote or received" Confidential Information may access the documents in which that information is contained, *see* ¶ 19(f); (2) a witness may be shown Confidential Information during deposition if disclosure is reasonably necessary, *see* ¶ 19(g); (3) Confidential Information may be disclosed to any witness whose deposition has been noticed, if the witness signs a certification, even if the witness has no prior knowledge of the subject matter, *see* ¶ 19(i); and (4) a witness may review Confidential Information in various circumstances set forth in Paragraph 23, which (among other things) permits disclosure of such information to a witness whose deposition has been noticed if he or she has "prior knowledge of (or is reasonably likely to have had prior knowledge of) the subject matter referenced in the [Confidential Information] to be disclosed."  These provisions afford the USAO ample flexibility to disclose Confidential and Highly Confidential Information to all persons who have a legitimate interest in reviewing it.

The USAO's request flies in the face of the Protective Order's carefully tailored approach to the disclosure of Confidential Information to percipient witnesses.  Permitting disclosure of Confidential Information to *any* person associated with a non-party entity would circumvent the provisions requiring that a witness's deposition be noticed prior to the disclosure of Confidential Information (as contemplated by Paragraphs 19(g), (i) and 23).  The USAO has no legitimate interest in broadly disclosing unspecified Confidential Information from BNYM's production,

KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

Honorable Lewis A. Kaplan
July 10, 2014
Page 3 of 4

without BNYM's consent, to individuals who have not been designated as testifying witnesses or have no prior knowledge of the Confidential Information.  If the USAO wishes to disclose such documents to a specific person, it simply has to designate that person for deposition, or request that BNYM consent to the disclosure.[2]

The USAO claims that its interpretation of the term "person" is supported by the United States Code, the local rules governing discovery requests, and the Federal Rules of Civil Procedure.  *See* USAO July 8 Letter at 3.  These authorities do not use the term in a context remotely similar to Paragraph 19(f).[3]  The USAO further notes that the Protective Order defines "Producing Person" to include corporate entities, *see* USAO July 8 Letter at 2, but Paragraph 19(f) refers instead to "any person."  The meaning of the undefined term "person" must be determined based on its context, which here indicates that it refers only to natural persons.  *See*, *e.g.*, *Jews for Jesus, Inc. v. Jewish Cmty. Relations Council of New York, Inc.*, 968 F.2d 286, 293 (2d Cir. 1992) ("The plain language of [New York Civil Rights Law § 40] and elementary principles of statutory construction indicate that the term 'persons' does not include corporations.").

*Finally*, to the extent that the USAO has a legitimate interest in disclosing Confidential Information from BNYM's production to persons in addition to those described in Paragraphs 19 and 23, the Protective Order provides a straightforward and simple procedure:  the USAO should seek BNYM's consent.  *See* Protective Order, ¶¶ 19, 20, 23 (contemplating that a Producing Party may consent to disclosure).  The USAO claims that it needs to use unspecified Confidential Information from BNYM's production to conduct interviews of unnamed persons associated with unidentified third parties to "recreate the time line and refresh their recollection of certain events."  USAO July 8 Letter at 3-4.  It claims that asking BNYM for consent would "force the Government to disclose its work product and legal strategy to the Bank."  USAO July 8 Letter at 4.  But that is the case any time a party identifies a document to a producing party in the

---

[2] Moreover, in the context of this litigation, the only plausible reading of "any person who wrote or received" a document is that "person" means a natural person.  The USAO understood when it submitted its proposed protective order – which contained the language in Paragraph 19(f), *see* Letter from USAO to Court (Oct. 25, 2013) (attaching proposed Protective Order ¶ 19(h)) – that many of the documents produced in the case would be in the form of e-mail.  Most of the documents BNYM had produced in connection with the USAO's pre-complaint investigation were e-mails and their attachments.  In this litigation, the parties spent weeks negotiating the BNYM personnel whose e-mail files would be searched and the search terms to be applied.  The parties understood that natural persons "wrote or received" the e-mail documents to be produced.

[3] Even if 1 U.S.C. § 1 were relevant here, the USAO ignores that its definitions apply "unless the context indicates otherwise" and that, accordingly, the term "person" has been held to refer only to natural persons in several federal statutes.  *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 196 (1993); *United States v. Havelock*, 664 F.3d 1284, 1293 (9th Cir. 2012) (en banc); *Adams v. United States*, 420 F.3d 1049, 1050 (9th Cir. 2005); *United States v. Unimex, Inc.*, 991 F.2d 546, 549-50 (9th Cir. 1993); *Ruffin v. United States*, 76 A.3d 845, 857-58 (D.C. 2013); *see also In re Hygrade Envelope Corp.*, 272 F. Supp. 451, 457 (E.D.N.Y. 1967) (applying similar contextual exception to definitional statute and holding that "person" in New York statute means natural persons), *rev'd on other grounds*, 393 F.2d 60 (2d Cir. 1968).

KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

Honorable Lewis A. Kaplan
July 10, 2014
Page 4 of 4

course of litigation.  For example, raising questions about redactions for privilege reveals that a party has identified specific documents in preparing its case.  To the extent that the USAO has an interest in conducting secret interviews of non-parties not identified to BNYM, it does not outweigh BNYM's interest in preserving the confidentiality of its production materials pursuant to the Protective Order.  As BNYM has made clear to the USAO, it stands ready to consider any reasonable request from the USAO to disclose specific documents produced by BNYM to persons who do not come within the categories specified in the Protective Order, and will not unreasonably withhold its consent. The USAO has declined to take this approach.

For the foregoing reasons, BNYM respectfully requests that the Court reject the USAO's interpretation of Paragraph 19(f) of the Protective Order.

Respectfully submitted,

Reid M. Figel

cc:     MDL/USAO Service List