

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street, 3rd Floor*
*New York, New York 10007*

July 11, 2014

**BY ECF**
The Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

> Re:   *United States of America v. Bank of New York Mellon* et al.*,*
>         11 Civ. 6969 (LAK)

Dear Judge Kaplan:

      We write briefly to respond to the inflammatory and meritless statement by the Bank that the Government's request for a clarification of the Protective Order "is essentially an invitation to the tailoring of testimony and other improper practices." Irrespective of any disagreement that the Bank has with the Government's interpretation of the Protective Order, the Bank has no basis to suggest to the Court that the Government has acted or would act improperly. Further, the Bank's claim that the Government is seeking to relitigate the Protective Order is incorrect.

      The Government requested a clarification that the Protective Order permits sharing documents marked as "confidential" or "highly confidential" with any employee of the entity that wrote or received the documents, and with that entity's counsel. The Government identified multiple practical reasons for this construction of the Protective Order:  1) under the Bank's narrow reading, company counsel would not be able to view a document shown to a witness during an interview because counsel did not write or receive the document;  2) certain documents, such as RFP responses that are replete with misrepresentations about the Bank's Standing Instruction program, could not be shared with anyone at the company, since the RFP does not identify any particular person at the company to which it was sent; and 3) given the time that has passed since the conduct at issue, it is often necessary to show third-party witnesses documents received by their company to recreate the timeline and refresh their recollection of certain events.  Moreover, as a practical matter, individuals who reviewed communications with the Bank may not have been included by name on each communication.  In addition, given the substantial period of time over which the Bank continued to misrepresent its Standing Instruction program to its clients, some of the individuals working for a company at the time of the communication with the Bank are no longer employed by those companies, and the Government should be able to show those documents to current employees of the company.  None of these reasons in any manner suggests that the Government is seeking to "tailor[] testimony" or otherwise engage in "improper practices."

The Bank's insinuations cannot mask its failure to identify any proprietary harm to the Bank stemming from sharing a document with an employee of a company that already possesses that same document.  The Government should not be foreclosed from discussing those communications with other current employees of the same company, and should not be required to identify every such document to the Bank in advance and thereby reveal its work product. [1]

In addition, contrary to the Bank's claim, the Government is not seeking to relitigate the Protective Order.  Rather, the Government is asking the Court to confirm what we understand to be the plain meaning of its order and reject the Bank's effort to narrow the plain text in a manner that would unjustly interfere with the Government's ability to develop its case.  The Bank incorrectly asserts that this dispute was already resolved in response to previous litigation over the Protective Order.  In October 2013, the Government advocated for the inclusion in the Protective Order of a provision stating that "counsel for a party may disclose Confidential or Highly Confidential Information to a witness, provided counsel has obtained an executed Certification."  *See* Government's proposed Modified Protective Order ¶ 23, submitted with the Letter of Lawrence H. Fogelman, dated October 25, 2013.  That provision, had it been approved, would have allowed the Government to share *any* document with *any* witness, including internal Bank documents, provided that the witness agreed to be bound to the terms of the Protective Order and signed a Certification expressly so stating.  In the present dispute, the Government is requesting clarification of a far narrower provision that, under any construction, only involves the ability of a "person" to review documents written or received by that "person," and not the broader universe of documents produced in this case.

We thank the Court for its consideration of this matter.

        Respectfully submitted,

        PREET BHARARA
        United States Attorney

By:    /s/ Lawrence H. Fogelman
        PIERRE G. ARMAND
        LAWRENCE H. FOGELMAN
        JAMES NICHOLAS BOEVING
        JEFFREY K. POWELL
        ARASTU K. CHAUDHURY
        Assistant United States Attorneys
        86 Chambers Street, 3rd Floor
        New York, New York 10007
        Tel.:   (212) 637-2800
        Fax:   (212) 637-2686

---

[1] Nor should the Government be required to depose each individual that it wants to talk to about documents that are sent to or from that individual's company as the Bank suggests.  The Bank's proposal is inefficient and would result in unnecessary time and expense.

cc: <u>By Email</u>
 Attorneys for Defendants
 MDL Plaintiffs