

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street, 3rd Floor*
*New York, New York 10007*

November 3, 2014

**BY ECF**
The Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re:    *United States of America v. Bank of New York Mellon* et al.,
                11 Civ. 6969 (LAK); *In re Bank of New York Mellon Forex Litig.*, 12 MD
                2335 (LAK)

Dear Judge Kaplan:

       The United States of America (the "Government") and MDL Plaintiffs (collectively, "Plaintiffs") respectfully submit this letter to advise the Court of material, factual developments that occurred on Saturday afternoon, November 1, 2014, and which bear directly on motions pending before the Court. *See* Dkt No. 516, USAO Dkt No. 128.[1]

       On Saturday, counsel for BNYM sent an email to Plaintiffs stating for the first time that BNYM intends to take 23 additional non-party depositions that had not been previously disclosed to Plaintiffs or the Court. *See* Exhibit 1. When those depositions are included with the 19 non-party depositions that are at issue in Plaintiffs' pending motion for a protective order (USAO Dkt No. 122 (the "Motion")), the 3 depositions at issue in BNYM's motion for reconsideration (Dkt Nos. 516, 523), and the 8 non-party depositions of investment managers that were subject of the Court's October 9, 2014 Order, Defendants now seek to take a total of 53 non-party depositions during the final 59 business days before fact discovery closes on January 30, 2015.[2] *See* Dkt No. 502 (the "Order") at 9. Because BNYM did not disclose its intention to take these 23 additional non-party depositions until shortly after the close of briefing on Plaintiffs' motion for a protective order, Plaintiffs respectfully request that the pending motion for a protective order be extended to cover these depositions as well.

---

[1] "USAO Dkt" refers to the docket in *United States of America v. The Bank of New York Mellon Corporation*, No. 11-cv-06969-LAK. All other "Dkt" references are to the MDL docket.

[2] These numbers do not include the 8 non-party depositions that Defendants have already taken. Plaintiffs also note that defendants intend to take more than 20 party depositions before the close of fact discovery (including witnesses in the State action).

Specifically, Plaintiffs respectfully submit that 22 out of these 23 depositions should be subject to the relief sought in the Motion.[3] As is confirmed by the fact that BNYM delayed until close to the end of fact discovery before seeking these non-party depositions, these depositions are of limited importance, and whatever value they have is outweighed by their burden. Many of the entities on the list are the same types of entities previously enjoined by the Court or at issue in the current motion for a protective order, including BNYM clients,[4] their investment managers, and their consultants. Moreover, BNYM has already deposed two of these entities in these cases—Eagle Global and Russell (BNYM actually seeks two additional Russell depositions). In 2012, in connection with the *Operating Engineers* case, BNYM took full day depositions of both Russell and Eagle Global. Additional depositions of those entities are prohibited by the scheduling order absent all parties' consent or "leave of the Court for good cause shown," neither of which BNYM has sought. Dkt. No. 422 at 5, § II.4. The list also includes seven media entities: Institutional Investor, Global Finance Media, The Financial Times, Pearson, Russell Publishing, Euromoney and Dow Jones. *See* Exhibit 1. As the Court has already held, the focus of these cases is on BNYM's actions and its intent to defraud its customers. October 9 Order at 7-9. The testimony of reporters or editors at news organizations will be of even more attenuated value than testimony of investment managers and consultants. Thus, if the Court grants the Motion, the Plaintiffs respectfully submit that the relief therein should apply as requested in this letter.

We thank the Court for its consideration of this matter.

                          Respectfully submitted,

                          PREET BHARARA
                          United States Attorney

By:    /s/ *Pierre G. Armand*
        PIERRE G. ARMAND
        LAWRENCE H. FOGELMAN
        JEFFREY K. POWELL
        ARASTU K. CHAUDHURY
        REBECCA S. TINIO
        Assistant United States Attorneys
        86 Chambers Street, 3rd Floor
        New York, New York 10007
        Tel.:   (212) 637-2800
        Fax:   (212) 637-2686

        *Plaintiff United States of America*

---

[3] Of the 23 non-parties identified by BNYM on Saturday, Plaintiffs are not seeking to enjoin defendants from taking the deposition of the FIRREA declarant Grant Wilson.

[4] BNYM seeks to depose 4 client ERISA plans in which plaintiffs in the *Carver* and *Fletcher* actions are participants (the Central States, Southeast and Southwest Areas Pension Plan, the Eastman Kodak Employees' Savings and Investment Plan, the Owens Corning Merged Retirement Plan, and the Verizon Retirement Plan). To the extent that the Court allows depositions of these absent class members to proceed, Plaintiffs respectfully submit that their use should be limited to the ERISA cases.

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
Elizabeth J. Cabraser
Daniel P. Chiplock
Daniel E. Seltz
Michael J. Miarmi
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Telephone: 212.355.9500
Facsimile: 212.355.9592

**KESSLER TOPAZ MELTZER & CHECK, LLP**
Joseph H. Meltzer
Sharan Nirmul
Daniel C. Mulveny
Sekou Campbell
Jonathan F. Neumann
280 King of Prussia Road
Radnor, PA 19087
Tel: (610) 667-7706
Fax: (610) 667-7056

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
John C. Browne
Jeremy P. Robinson
Kurt Hunciker
Evan Berkow
Katherine Stefanou
1285 Avenue of the Americas
New York, NY 10019
Tel: (212) 554-1400
Fax: (212) 554-1444

*MDL Plaintiffs' Executive Committee*

cc:   By Email
      Counsel for All Parties